## Luebrecht v. Nekrosius
*[Cite as 7 AOA 62]*

*Case No. 11991*
*Montgomery County, (2nd)*
*Decided September 7, 1990*

*Dan D. Weiner, 30 North Wilkinson Street, Dayton, Ohio 45402-1422, for Plaintiffs-Appellants.*

*Frederick J. McGavran, 2500 Central Trust Center, 201 East Fifth Street, Cincinnati, Ohio 45202, for Defendants-Appellees.*

BROGAN, J.

Anne and John Luebrecht filed a complaint against W. Scott Nekrosius, M.D. and Rahn Hills psychiatric Associates, Inc. (herein "Rahn Hills") on October 5, 1989 in the Common Pleas Court.

Anne Luebrecht asserted that Dr. Nekrosius, while employed by Rahn Hills, negligently administered electroconvulsive treatments (shock treatments) to her causing her substantial injury.

Mrs. Luebrecht also-asserted that Dr. Nekrosius failed to inform her of the potential for such treatment to cause long term memory loss and thus any consent given by her was not "informed."

In a separate cause of action, John Luebrecht sought damages for loss of his wife's society and consortium as a result of the defendants' alleged

negligence. Attached to the complaint was a "reasonable cause" affidavit as required by R.C. 2307.42(C)(1)(a)(i). The plaintiffs' informed consent claim was not supported by the "informed consent" affidavit required by R.C. 2307.42(C)(1)(a)(ii).

On November 2, 1989, the defendants moved to dismiss the appellant's complaint on the grounds it was not supported by the affidavit required by R.C. 2307.42(C)(1)(a)(ii), an "informed consent affidavit."

On November 13, 1989 the plaintiffs' filed an amended complaint which deleted the "informed consent" aspect of the medical claim against the defendants. The amended complaint contained the "reasonable cause" affidavit mandated by R.C. 2307.42(c).

On December 11, 1989, the trial court granted the appellee's motion to dismiss "because the claim is not supported as required by R.C. 2307.42(C)(1)(a)(2)."

The plaintiffs have timely appealed and asserted as their sole assignment that the court erred in dismissing their complaint. Appellants contend they have a right to amend their complaint once as a matter of course at any time before a responsive pleading is served. Citing, Civ. R. 15. They contend that a motion to dismiss is not a "responsive pleading." *Zaidi v. Ehrlich* (1984), 732 F. 2d 1918 (5th Cir). Appellant contends the amended complaint conforms to the statute and thus the court improperly dismissed his complaint.

The appellees argue that R.C. 2307.42(C) (3) required the court to dismiss the action because that statute does not give the trial court the option to dissect a medical claim and dismiss only that part of the claim based upon a lack of informed consent while retaining jurisdiction over the remainder of the medical claim.

R.C. 2307.42(C) (3) provides in pertinent part:

"A ... court of common pleas ... does not have jurisdiction to hear and determine an *action* upon a medical ... claim and shall dismiss the *action* if the complaint or other pleading that sets forth the claim is not supported as provided in division (C)(1) or (2) of this section [Emphasis supplied]."

We agree with the trial court that it did not have jurisdiction to adjudicate plaintiff's "lack of informed consent" cause of action. Although the court lacked the power to adjudicate that medical claim, the court clearly had jurisdiction to adjudicate the claim to which an appropriate affidavit was provided by counsel pursuant to R.C. 2307.42(C)(1)(a)(i).

The plaintiffs were free to amend their complaint within the Rule or have the court dismiss that portion of the complaint to which the court lacked jurisdiction to adjudicate. The appellants assignment of error is sustained.

The judgment of the trial court will be reversed and remanded for further proceedings.

FAIN, J., and GRADY, J., concur.